UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
-------------------------------------------------x
LAURA GONZALES,                          :
an individual,                           :        CIVIL ACTION
                                         :
            Plaintiff,                   :        CASE NO.:
                                         :
vs.                                      :        Judge:
                                         :
                                         :        Magistrate:
TOWN OF CICERO and LARRY                 :
DOMINICK, in his official capacity as    :
President,                               :
            Defendants.                  :
-------------------------------------------------x
```

## **COMPLAINT**

Plaintiff, LAURA GONZALES, by and through her undersigned counsel, hereby files this Complaint against the TOWN OF CICERO for compensatory and nominal[1] damages, declaratory and injunctive relief, and attorneys' fees and costs pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* (hereinafter "ADA") and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* (hereinafter "Rehabilitation Act").  LAURA GONZALES also sues LARRY DOMINICK, in his official capacity as President (collectively both defendants referred to as "Defendants"), for injunctive and declaratory relief and attorneys' fees and costs pursuant to the ADA and Rehabilitation Act, and alleges:

## **JURISDICTION AND PARTIES**

1.      This is an action for relief pursuant to Title II of the ADA, 42 U.S.C. § 12131 *et seq.,* and

---

[1] With regard to Ms. Gonzales' request for nominal damages, it is Ms. Gonzales' position that even award of nominal damages would confer significant civil rights to the public, as a judgment in her favor against the Town of Cicero, regardless of the amount, would deter the Town of Cicero from discriminating against individuals with disabilities in the future.

the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

2.  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3.  Venue is proper in the Court pursuant to 28 U.S.C. § 1391(b).

4.  Plaintiff, Laura Gonzales, is a resident of Cook County, Illinois. Ms. Gonzales resides approximately seven (7) miles away from the local township at issue in this lawsuit.

5.  Ms. Gonzales is a qualified individual with a disability under the ADA. Ms. Gonzales has paraplegia from a spinal cord injury stemming from a car accident.

6.  Due to her disability, Ms. Gonzales is substantially impaired in multiple major life activities, including the major life activity of walking, and requires a wheelchair for mobility. Further, Ms. Gonzales utilizes a van for her transportation and requires parking that is ADA van accessible.

7.  Upon information and belief, the Town of Cicero is a political entity located within Cook County, Illinois.

8.  Upon information and belief, the Town of Cicero is the political entity which owns the real property, improvements, and programs which are the subject of this action, to wit: the public, on-street parking available on and around Cermak Road between South Lombard Avenue and South Laramie Avenue (hereinafter referred to as "the Property").

9.  Upon information and belief, the Town of Cicero is the political entity which is responsible for operating, providing, and maintaining the public, on-street parking available on and around the Property.

10. Upon information and belief, Larry Dominick, named in his official capacity as the President of the Town of Cicero, is the political official with chief executive power in the Town of Cicero, and bears responsibility in his official capacity as President for

2

administering, operating, and maintaining the Town of Cicero's public goods and services.

11. Upon information and belief, the Town of Cicero provides numerous public, on-street parking spaces on and around the Property.

12. On information and belief, the number of designated accessible parking spaces throughout the Property is approximately thirteen.

13. Defendants are responsible for complying with the obligations of the ADA.

14. Defendants are responsible for ensuring that the public, on-street parking on and around the Property complies with the ADA and that the programs, facilities, and accommodations offered thereon do not discriminate against persons with mobility-related disabilities.

15. All events giving rise to this lawsuit occurred in the Northern District of Illinois.

16. Defendants are obligated to comply with the ADA at the Property.

## COUNT I - VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

17. Ms. Gonzales realleges and reavers Paragraphs 1 - 16 as if they were expressly restated herein.

18. On information and belief, the Defendants operate, provide, and maintain the public, on-street parking available on and around the Property. Specifically, this public, on-street parking is located on Cermak Road. This public, on-street parking serves a major business district along Cermak Road between South Lombard Avenue and South Laramie Avenue, on which there are situated many stores and retailers (hereinafter, "Cermak Road Business District").

19. Ms. Gonzales has been to the TOWN OF CICERO and the Cermak Road Business District

3

numerous times in the past, and visits the area on a regular basis.

20. Upon information and belief, MS. GONZALES last visited the Cermak Road Business District as recently as December 2019. MS. GONZALES routinely visits and desires to visit the Cermak Road Business District two to three times each month to buy specialty groceries from local Latin grocery stores and patronize local Latin bakeries, such as Aracely's Bakery, located at 5920 Cermak Road in the Town of Cicero.

21. While in the Cermak Road Business District, Ms. Gonzales has tried to park in the ADA accessible-designated parking spaces provided by the Defendants, but has had great difficulty due to the Defendants' failure to provide or otherwise maintain compliant ADA accessible parking spaces amongst the public, on-street parking available on and around the Property. Defendants' failure to provide or maintain compliant ADA accessible parking on or around the Property hinders Ms. Gonzales' ability to access the services and utilize the programs offered in the Cermak Road Business District.

22. Specifically, Ms. Gonzales has experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers as discussed in Paragraph 39. The discrimination alleged herein is ongoing.

23. Ms. Gonzales continues to desire to visit the Cermak Road Business District and patronize the various grocery stores, bakeries, and other businesses, but fears that she will continue to experience serious difficulty due to the barriers discussed in Paragraph 39.

24. The barriers on or around the Property discussed below in Paragraph 39 are excluding, or will exclude, Ms. Gonzales from the programs, activities, and services that are available in the Cermak Road Business District.

25. On street parking in the Cermak Road Business District is itself a program, activity, or

service of the Defendants because it facilitates free and convenient access to local businesses. Additionally, on street parking is a service because it is paid for by the government and solves a collective action problem. *See, e.g., Frame v. City of Arlington*, 657 F.3d 215, 226 (5th Cir. 2011).

26. In the event the Defendants engage in one-time activities to update and improve the public parking at issue in this case, the passage of time will inevitably require future maintenance and ongoing upkeep of the parking lots. *See Johnson v. Young, et. al*, 2:17-cv-01642, 2018 WL 1875698 at *2-4 (E.D. Cal. April 19, 2018).

27. Ms. Gonzales plans to and will visit the Property in the future as a patron and to determine if the barriers to access alleged herein have been modified.

28. Ms. Gonzales presently fears that she will encounter the mobility-related barriers which exist at the Property when she returns to the Property in the near future.

29. On information and belief, the architectural barriers described in Paragraph 39 are uniform and pervasive throughout many of the designated accessible parking spaces throughout the Property.

30. On or around October 12, 2018, attorney Emily Westermeier sent a letter to Larry Dominick detailing the ADA barriers Ms. Gonzales encountered at the Property.

31. In the letter, Defendants were provided with Notice of the ADA barriers and Ms. Gonzales' need for accommodations as they pertain to the Property.

32. On or around January 7, 2019, counsel for Defendants, Mr. Joseph A. Giambrone, issued a response to the October 12, 2018 letter. Mr. Giambrone represented that Cermak Road between South Lombard and South Laramie would be resurfaced during spring 2019 and that the resurfaced parking spaces would comply with the ADA.

33. Upon information and belief, in and around the spring and summer of 2019, the road and parking spaces on Cermak Road between South Lombard and South Laramie were resurfaced and restriped at the direction of Defendants.

34. After the parking spaces were resurfaced and restriped, Ms. Gonzales returned to the Property and again encountered mobility-related barriers, as described in Paragraph 39.

35. On September 27, 2019, at the request of Ms. Gonzales' counsel, Mr. Nicholas Heybeck, P.E. visited the Property and performed an inspection of all parking spaces along Cermak Road between the cross streets of South Lombard Avenue to South Laramie Avenue. Mr. Heybeck is a Professional Engineer and Registered Accessibility Specialist who offers engineering, consulting, and expert witness services. Mr. Heybeck observed and documented the mobility-related barriers described in Paragraph 39.

36. Based on Mr. Heybeck's inspection of the Property, he determined that the parking spaces do not meet the accessibility guidelines found in the 1991 ADA Standards for Accessible Design ("ADAAG"), 2010 ADAAG, and Uniform Federal Accessibility Standards.

37. By and through Ms. Gonzales' October 12, 2018 letter, Defendants had notice of Ms. Gonzales' disability, her limitations, and her need for accommodation.

38. Nonetheless, despite knowledge of her need for accommodation, Defendants failed to reasonably accommodate Ms. Gonzales.

39. Upon information and belief, Defendants are in violation of 42 U.S.C. § 12131 *et seq*. and 28 C.F.R. § 35.102 *et seq*. and the Property is not accessible due to, but not limited to, the following barriers which presently exist at the Property:

    I.     UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS AT THE PROPERTY ARE THE RESPONSIBILITY OF DEFENDANTS:

A. Only three of the thirteen designated accessible parking spaces located around the Property have access aisles;

B. Of the designated accessible parking spaces located around the Property that do have access aisles, at least two of the access aisles are too narrow;

C. There is no accessible route connecting the majority of the designated accessible parking spaces to a pedestrian circulation path on or around the Property;

D. There are no adjoining accessible curb ramps for the majority of accessible parking spaces;

E. Without any accessible route and/or curb ramps connecting the majority of the designated accessible parking spaces to a pedestrian circulation path, wheelchair users must navigate behind parked cars and alongside or against vehicular traffic on Cermak Road, a busy six-lane road, to reach a curb cut and access the pedestrian circulation path;

F. The accessible parking spaces are not dispersed properly because several blocks of the Property do not contain any accessible parking spaces and there is a nearly 0.4 mile stretch along the Property without any designated accessible parking spaces; and

G. There are not a sufficient number of accessible parking spaces at the Property.

40. Ms. Gonzales continues to desire to visit the Property but will continue to experience

7

serious difficulty until the barriers discussed in Paragraph 39 are removed.

41.    Ms. Gonzales intends to and will visit the Property to utilize its goods and services in the future, but fears that Defendants will continue to discriminate against her by failing to modify or remove the barriers at the Property.

42.    Independent of her intent to return as a patron to the Property, Ms. Gonzales additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

43.    Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

44.    Upon information and belief, removal of the barriers to access located on the Property would provide Ms. Gonzales with an equal opportunity to participate in, or benefit from, the goods, services, programs, activities, and accommodations which are offered to the general public at the Property.

45.    Defendants failed to reasonably accommodate Ms. Gonzales by failing to engage in an interactive dialogue with Ms. Gonzales and her counsel about Ms. Gonzales' needs.

46.    Defendants failed to reasonably accommodate Ms. Gonzales by failing to ensure that the resurfaced and restriped parking spaces at the Property were compliant with the ADA.

47.    Defendants failed to reasonably accommodate Ms. Gonzales by failing to provide her with an equal opportunity to access the services, programs and/or activities of Defendants' Property.

48.    Defendants had knowledge of Ms. Gonzales' disability, limitations, and need for accommodations, but chose not to accommodate her needs. This constitutes "intentional

discrimination."

49.     By and through the actions set forth above, Defendants committed "intentional discrimination."

## Law and Itemization of the Damages

50.     42 U.S.C. § 12133 provides: "[t]he remedies, procedures, and rights set forth in section 794 of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violations of section 12132 of this title."

51.     Defendants have discriminated against Ms. Gonzales by denying her full access to the services, programs, and/or activities by failing to make its facilities readily accessible as required by 42 U.S.C. § 12132 and its implementing regulations at 28 C.F.R. Part 35.

52.     Defendants have discriminated, and are continuing to discriminate, against Ms. Gonzales in violation of the ADA by excluding and/or denying Ms. Gonzales the full and equal benefits of its services, programs, and/or activities by failing to, inter alia, have accessible facilities. Ms. Gonzales has reasonable ground for believing that she is about to be subjected to discrimination as a result of the barriers which are discussed in Paragraph 39.

53.     28 C.F.R. § 35.130(b)(1) states that "[a] public entity, in providing any aid, benefit, or service, may not .... on the basis of disability—(i) [d]eny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service [or] (ii) [a]fford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others."  28 C.F.R. § 35.130(b)(3) similarly states that "[a] public entity may not … utilize … methods of administration (i) [t]hat have the effect of subjecting qualified individuals with disabilities

9

to discrimination on the basis of disability [or] (ii) [t]hat have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities." Defendants have violated these provisions by providing their services, programs, and/or activities in a manner that renders them inaccessible to people with disabilities and/or failing to maintain their designated accessible parking spots for people with disabilities so that they are compliant with law and safe for people with disabilities to utilize.

54. Defendants have discriminated against Ms. Gonzales by excluding her from participation in, and denying the benefits of the Property because of Ms. Gonzales disability, all in violation of 42 U.S.C. § 12132.

55. Upon information and belief, Ms. Gonzales has been denied access to, and has been denied the benefits of services, programs and/or activities of Defendants' Property, and has otherwise been discriminated against and damaged by Defendants because of Defendants' discrimination, as set forth above. Ms. Gonzales will continue to suffer such discrimination, injury, and damage without the immediate relief provided by the ADA as requested herein. Furthermore, as required by the ADA and all other remedial civil rights statutes, to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Ms. Gonzales requires a full inspection of Defendants' Property in order to catalogue and cure all the areas of non-compliance with the ADA.

56. Defendants' exclusion of Ms. Gonzales from full and equal benefits of the Property caused Ms. Gonzales to experience isolation, segregation, frustration, and invasion of her civil rights.

57.   Defendants, through their staff and/or employees, knew or should have known of their obligations under Title II of the ADA to provide accommodations to individuals with disabilities, including individuals who are wheelchair users, and to engage in practices to promote compliance with these statutes.

58.   Defendants, through their staff and/or employees, knew or should have known that their policies and practices created an unreasonable risk of causing Ms. Gonzales greater levels of isolation, segregation, frustration, and invasion of her civil rights than a non-disabled person would be expected to experience.

59.   The harm sustained by Ms. Gonzales herein is the expected and foreseeable consequence of Defendants' failure to comply with the requirements and mandates of Title II of the ADA. This statute and accompanying regulations exist to ensure that individuals with disabilities will have equal access to places of public accommodations. When the Defendants failed to adhere to their obligations under these regulations, it was imminently foreseeable that those with disabilities would sustain the exact harms alleged by Ms. Gonzales in this lawsuit.

60.   Despite the Defendants' knowledge of their obligation to accommodate persons with disabilities, they did not take adequate steps to ensure that they provided or maintained accessible parking on or around the Property for individuals with disabilities, like Ms. Gonzales.

61.   As a result of the Defendants' failure to ensure equal access to Ms. Gonzales, she received services that were unequal to those provided to individuals without disabilities.

62.   Based upon their failure to bring the Property into compliance with the requirements of the ADA, Defendants discriminated against Ms. Gonzales with deliberate indifference to her disability and related accessibility needs.

63.   Based on the facts alleged above, the Defendants intentionally discriminated against Ms. Gonzales.

64.   Upon information and belief, the Defendants were purposeful in their choices, which is sufficient to constitute intentional discrimination under Title II of the ADA.

65.   In the alternative, the Defendants are liable under Title II of the ADA pursuant to *Alexander v. Choate*, in which the U.S. Supreme Court expressly rejected the notion that a plaintiff is required to show intentional discrimination to establish a prima facie case of disparate impact discrimination under Title II.  *See* 469 U.S. 287, 295 (1985).

66.   By and through the Defendants' failures to make their programs, services, and activities meaningfully accessible to individuals who are in wheelchairs, they have committed disparate impact discrimination sufficient to state a claim for damages under Title II of the ADA.

67.   Ms. Gonzales has retained the undersigned counsel and is entitled to recover compensatory and nominal damages, reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to the pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 35.175.

68.   With regards to Ms. Gonzales' request for nominal damages, it is Ms. Gonzales' position that an award of nominal damages would confer significant civil rights to the public, as a judgment in her favor against the Defendants, regardless of the amount, would deter them from discriminating against people with disabilities in the future.

69.   Ms. Gonzales is without adequate remedy at law and is suffering irreparable harm.

70.     Pursuant to 42 U.S.C. § 12131, *et seq.*, this Court is provided authority to grant Ms. Gonzales' requested injunctive relief including an order that Defendants alter the Property to make the facilities, programs, and/or activities therein readily accessible and usable to Ms. Gonzales and all other persons with disabilities as defined by the ADA.

**COUNT II**
**VIOLATION OF THE REHABILITATION ACT**

71.     Ms. Gonzales adopts and re-alleges the allegations contained in Paragraphs 1-71 as if fully state herein.

72.     Ms. Gonzales brings this claim against Defendants, based upon the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*

73.     The Rehabilitation Act provides that:

> No otherwise qualified individual with handicaps in the United States, as defined by 7(8) [29 U.S.C. § 706(8)], shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance …

29 U.S.C. § 794(a).

74.     Upon information and belief, as set forth herein, Defendants have violated the Rehabilitation Act by excluding Ms. Gonzales, solely by reason of her disabilities, from the participation in, and denying her the benefits of, and has otherwise subjected her to discrimination under Defendants' programs and activities.

75.     Upon information and belief, a non-exclusive list of Defendants' violations of the Rehabilitation Act and discriminatory conduct against Ms. Gonzales are evidenced by:

        A.      Limiting Ms. Gonzales in the enjoyment of the rights, privileges, advantages and

opportunities enjoyed by individuals without disabilities who received Defendants' aids, benefits, and services; and

B.    Excluding Ms. Gonzales from participation in, and the benefits of, Defendants' services, programs, and activities as a result of Defendants' Property being inaccessible to or unusable by Ms. Gonzales.

76.    Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at the Property which Ms. Gonzales is more likely than not going to encounter upon her future visits to the Property. Ms. Gonzales brings this action:

A.    to redress injuries suffered as a result of Defendants' discriminatory actions and inactions set forth herein;

B.    to reasonably avoid further and future injury to Ms. Gonzales as a result of Defendants' ongoing failure to cease its discriminatory practices as set forth in this action, including correcting past violations of the Act and/or avoiding future violations in planned renovations to the Property;

C.    to ensure Defendants' Property is accessible as required by the relevant applications of Title II of the ADA;

D.    to be made whole and ensure future compliance; and

E.    to reasonably avoid future ADA and Rehabilitation Act litigation involving the same Property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

77.    Only through a complete inspection of the Property and related facilities, undertaken by Ms. Gonzales and/or her representatives, can all said violations be identified and cured so as to ensure access for people with disabilities, the primary purpose of this action.

14

78. Upon information and belief, the Town of Cicero is the recipient of federal funds.

79. Upon information and belief, as the recipient of federal funds, Defendants are liable for damages to Ms. Gonzales as a result of their acts and omissions constituting intentional discrimination.

80. As set forth above, Ms. Gonzales has been, and without the relief requested herein will continue to be, denied access to the goods, services, programs, facilities, activities, and accommodations offered by Defendants solely by reason of her disability, and has otherwise been discriminated against and damaged solely by reason of her disabilities as a result of Defendants' Rehabilitation Act violations set forth above.

81. The Defendants' exclusion of Ms. Gonzales from full and equal benefits of their services, programs, and activities caused Ms. Gonzales to suffer isolation, segregation, frustration, and invasion of her civil rights.

82. The Defendants, through their staff and/or employees, knew or should have known of their obligations under the Rehabilitation Act to provide accommodations to individuals with disabilities, including individuals who are wheelchair users, and to engage in practices to promote compliance with these statutes.

83. The Defendants, through their staff and/or employees, knew or should have known that their policies and practices created an unreasonable risk of causing Ms. Gonzales greater levels of isolation, segregation, frustration, and invasion of her civil rights than a non-disabled person would be expected to experience.

84. The harm sustained by Ms. Gonzales herein is the expected and foreseeable consequence of the Defendants' failure to comply with the requirements and mandates of federal civil rights law. The statute and accompanying regulations exist to ensure that individuals with

disabilities will have equal access to publicly-owned facilities. When the Defendants failed to adhere to their obligations under these statutes and regulations, it was imminently foreseeable that those with disabilities would sustain the exact harms alleged by Ms. Gonzales in this lawsuit.

85.   Despite the Defendants' knowledge of their obligation to accommodate persons with disabilities, they did not take adequate steps to ensure that they provided or maintained accessible parking to Ms. Gonzales.

86.   As a result of the Defendants' failure to ensure public parking without architectural barriers to Ms. Gonzales, she received services that were unequal to those provided to individuals without disabilities.

87.   The Defendants discriminated against Ms. Gonzales with deliberate indifference to her disability and related accessibility needs.

88.   Based on the facts alleged above, the Defendants intentionally discriminated against Ms. Gonzales.

89.   Further, the Defendants were purposeful in their choices, which is sufficient to constitute intentional discrimination under the Rehabilitation Act.

90.   In the alternative, the Defendants are liable under the Rehabilitation Act pursuant to *Alexander v. Choate*, in which the U.S. Supreme Court expressly rejected the notion that a plaintiff is required to show intentional discrimination to establish a prima facie case of disparate impact discrimination under the Rehabilitation Act. *See* 469 U.S. 287, 295 (1985).

91.   The harm sustained by Ms. Gonzales herein is the expected and foreseeable consequence of the Defendants' failure to comply with the requirements and mandates of the

Rehabilitation Act. This statute and accompanying regulations exist to ensure that individuals with disabilities will have equal access to publicly-owned properties. When the Defendants failed to adhere to their obligations under these regulations, it was imminently foreseeable that those with disabilities would sustain the exact harms alleged by Ms. Gonzales in this lawsuit.

92. By and through the Defendants' failures to make their programs, services, and activities meaningfully accessible to individuals who are in wheelchairs, they have committed disparate impact discrimination sufficient to state a claim for damages under the Rehabilitation Act. Ms. Gonzales has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay her counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action. Ms. Gonzales is entitled to recover those attorneys' fees, costs, and litigation expenses from Defendants pursuant to 29 U.S.C. § 794(b).

93. Pursuant to 29 U.S.C. § 794(a) this Court is provided authority to grant Ms. Gonzales' injunctive relief including an order to alter the subject premises, services, activities, programs, and accommodations to make them accessible to and usable by individuals with disabilities to the extent required by the Rehabilitation Act. This Court is further provided authority to grant Ms. Gonzales compensatory and nominal damages for the Defendants' discriminatory actions. With regards to Ms. Gonzales' request for nominal damages, it is Ms. Gonzales' position that an award of nominal damages would confer significant civil rights to the public, as a judgment in her favor against the Defendants, regardless of the amount, would deter them from discriminating against people with disabilities in the future.

WHEREFORE, Ms. Gonzales demands judgment against Defendants, and requests the following relief:

A.   That this Court declare that the Property owned, leased, and/or operated by Defendants is in violation of Title II the ADA and the Rehabilitation Act;

B.   That this Court enter an Order directing Defendants to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title II of the ADA and the Rehabilitation Act;

C.   That this Court award compensatory and nominal damages, reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Ms. Gonzales, pursuant to Title II of the ADA and the Rehabilitation Act; and

D.   That this Court award such other and further relief as it deems necessary, just, and proper.


Respectfully Submitted,


**BIZER & DEREUS, LLC**
Attorney for Plaintiff
Garret S. DeReus (LA # 35105)
Emily A. Westermeier (IL # 6316741)
gdereus@bizerlaw.com
ewest@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996


\*\*\*AND\*\*\*

**Equip for Equality**
Designated Local Counsel/Trial Bar Attorney
Rachel M. Weisberg (IL # 6297116)
Hannah R. Walsh (IL # 6324813)
20 North Michigan Avenue, Suite 300
Chicago, IL 60602
T: 312-895-7252; F: 312-541-7544
RachelW@equipforequality.org
HannahW@equipforequality.org


By:      /s/ Emily A. Westermeier
         EMILY A. WESTERMEIER